Case number 24-5122, Virgin Islands Housing Finance Authority, appellants versus Federal Emergency Management Agency. Mr. Bhargava for the appellants, Ms. Smith for the appellants. Good morning. Good morning, Your Honors. May it please the Court. My name is Michael Bhargava and I represent appellant, Virgin Islands Housing Finance Authority. This Court should overturn the lower court's decision for two reasons. First, appellants should have been permitted to proceed under the administrative procedures with a challenge to a final agency action by the Civilian Board of Contract Appeals. The evidence shows that Congress didn't intend to displace broad APA review with a much more cramped review process under the Federal Arbitration Act. And second, even if the FAA applies, the statute of limitations was never triggered because the Board's decision was void ab initio. Void decisions cannot trigger statutes of limitations. On the first point, the APA should clearly apply here. The Board is a federal agency and its decisions constitute final agency action under subject to APA review. The APA is Congress's way of reining in improper agency action that's arbitrary and capricious whether it exceeds the agency's powers. So in the realm though of arbitration, there seemed to be a default way of appealing arbitration awards and it seems that Congress would be aware of that and yet they didn't say explicitly or otherwise that they contemplated anything different. It's just it would undermine the efficiency and efficacy of if there were some other way to appeal an arbitration. Well, Your Honor, it may be the default way of appealing for private arbitrations. This is government action here. And so the question is whether the APA applies. Congress understood that in order to make the FAA apply, it had to specifically say that in the statute and that's exactly what it did in the Contract Disputes Act. The Board conducts arbitrations both under the Contract Disputes Act and under the Stafford Act. In the CDA, it said specifically that the FAA would apply for review. In the Stafford Act, which is what we're dealing with here, it chose not to do so. I understand that. It just seems to me that there's sort of an overarching purpose for arbitration, which is to do this efficiently and quickly and in a more simple way. And to promote that, there are just very limited ways in which you can appeal an arbitration award generally. And even the APA says, when we're talking about arbitration awards, we don't give them the full APA arbitrary and capricious review. So it just seems that it's an uphill climb for you to say that arbitration awards should be reviewed using APA standards. Well, Your Honor, as you know, the standard here is congressional intent. And whether Congress intended to apply APA review or intended to displace APA review with some other review procedure, there has to be... What's your strongest argument that that's what Congress intended here? Well, first of all, it didn't write it into the Stafford Act, which... It didn't write it one way or the other. Well, it chose to do so in other actions, including the CDA, but it chose not to do so for the Stafford Act. So that's one indication that there's not clear and convincing evidence. The second issue is that the review process is not at all similar between the APA and the FAA. This court, the Supreme Court, have always held that essentially you have to have a process that mimics the APA, have a de novo review process. The FAA doesn't come close to that. It has a very meager standard. It only allows courts to overturn decisions for fraud, misconduct, similar egregious behavior. It doesn't allow courts to look at the merits of any decision. And so there is essentially no review process for an arbitral award by the board here under the Stafford Act if we're saying that the FAA applies. What you're asking for, though, is vacating the award, which you can get under the FAA versus... Well, two points on that, Your Honor. First of all, the test is not what the individual plaintiff asks for. It's whether Congress intended to displace the APA for the FAA. Well, under CRU, isn't it whether it's what you asked for and then also is it adequate? Our CRU case seems to acknowledge both of those. It does seem to acknowledge both of those, Your Honor, but the standard that has been applied is whether there's congressional intent, whether there is clear and convincing evidence of legislative intent to displace the APA. And second on that point, Your Honor, is that the relief would be different under the FAA and the APA. Under the FAA, all the court can do is displace a single arbitral award that applies just between the two parties here. Under the APA, it's required under Section 706 of the APA to hold unlawful and set aside any agency action that's improper in whatever way. And so that is prospective relief as well. It's telling the board that it has to vacate the entire practice of issuing decisions in this kind of way in violation of its own... Yes, sir. In terms of precedent, have you found any case where a court has reviewed an arbitration award under the APA? I have not, Your Honor, but this is a unique... This is a case of first impression. It was before this court and, in fact, in any court of appeal, they have not found this issue, whether the FAA displaces the APA. I don't think any court has dealt with this issue. So how do you reconcile what you just argued with Prue? Because in Prue, there was an argument that there was an inadequate remedy under the FOIA because FOIA would not require, would not grant the relief of putting the documents on a public website. It would only grant the relief of giving the document to the plaintiff. And we still held that it was adequate, that FOIA was an adequate remedy. So in Prue, Your Honor, the difference in terms of the relief was quite marginal in terms of whether they had to produce the documents, as you said, to the individual plaintiff or publish it in the federal register. The court didn't hold that under the APA that it could require the government to publish the OLC decisions in the federal register. But here, the difference between the FAA and the APA is quite stark in terms of the remedies available. There are preliminary injunctions here. There are various writs that are available under the APA. But you're not requesting any of that. And how would that be a remedy for an arbitration award? I'm wrong. But again, the standard, Your Honor, is there has to be clear and convincing evidence of congressional intent to displace the APA. And there's just no such evidence here, both because it didn't say so in the statute and because both the scope of review in terms of the de novo review process that's available in the APA is far greater than what's under the FAA. And in terms of the overall remedies that are available under the statutes are very different. I'd like to reserve the rest of my time, if I may. Thank you. Thank you. May it please the Court, Sarah Smith, on behalf of the government. In 2018, Congress amended the Stafford Act to give applicants seeking to challenge FEMA's funding determination two choices. After first appealing the decision to the FEMA Regional Administrator, the applicant could either pursue a second appeal within FEMA and, if unsuccessful, seek judicial review in a district court of FEMA's determination under the APA. Or the applicant could submit the dispute to arbitration before the Civilian Board of Contract Appeals. Petitioner here chose to arbitrate, and they did so with the understanding that the board's decision would be binding and, like arbitration decisions generally, subject to limited judicial review. In the Federal Arbitration Act, Congress provided a review procedure for parties seeking to challenge arbitration decisions. 9 U.S.C. 10 authorizes district courts to vacate arbitration decisions in certain circumstances, including in the circumstance that petitioner alleges here, which is that the arbitrator exceeded their powers. Because the FAA provides an adequate APA review is not appropriate here. Can you talk about this argument that the authority says FEMA cannot simply undo a statutory requirement under the APA by promulgating a regulation permitting review only under the FAA? So, I understand that the Act contemplates arbitration, but as I understand their argument, it's the regulation that says review will only be under the FAA. So, their argument is the regulation can't preempt the statute. So, had Congress provided in the Stafford Act that review of these decisions was under the APA, then it is absolutely true that FEMA could not promulgate a regulation saying review is limited to the FAA. But here, Congress did not limit review in the Stafford Act under the APA. The FAA provides the general background principles of how courts review arbitration decisions. And under the APA, the question is just whether there is an adequate remedy in a court. As we've explained, the FAA provides that adequate remedy. It provides vacater of the decision, provides it on the exact grounds the petitioner is seeking here. The only problem for petitioners is that they didn't comply with FAA's notice requirement. That's why they need APA review. But that is not a grounds to get review under the APA. The Stafford Act is silent. That means the default rule kicks in and the default rule comes from? It comes from the FAA, which is clear that Congress set out here are the conditions under which a district court can vacate an arbitration decision. In the Hall Street Associates, the Supreme Court was clear that that list is exclusive. Parties can't even, by contract, agree to more expanded judicial review. So, when Congress amended the Stafford Act to say, applicant, if you like, you can arbitrate, it did so. It put the petitioner on notice that that decision would be under the limited judicial review that's available under the FAA. I think this is a friendly question. But do you think the Contract Disputes Act reinforces that or applies its own default? I guess it reinforces that default rule. It says an award by an arbitrator under this chapter shall be reviewed pursuant to sections 9 to 13 of Title IX, which is the FAA. Yeah, absolutely. So, it made sense. In the Contract Disputes Act, Congress wanted to provide for an expanded review, not just the FAA, but they also wanted to provide this additional basis on which a court could vacate an award. So, it makes sense that Congress included that review provision because they were providing something more than the default. That's not what's doing, it's not doing any work in this case. No, they're just separate authorities. That's right. I'm happy to say a few things about petitioner's claim under the FAA. The District Court correctly determined that review is not available under the FAA because petitioner failed to comply with the Act's notice requirement. On appeal, petitioner does not argue that they complied with that statutory requirement. Instead, they argue that the statute of limitations does not apply here. But that argument just confuses the grounds on which a decision could be set aside with whether there's a decision at all. And here, there's clearly a decision. It's in effect until a court sets it aside. But if they're right, though, there wouldn't be a decision because it would void ab initio. If they're correct that a decision made without a quorum is void ab initio, then the statute of limitations wouldn't kick in. And we do have precedent in Noel Canning that a decision made without an ad hoc quorum would be void ab initio. That doesn't mean that there wasn't a quorum in this case, but I'm saying if they were correct that there was no quorum, then it would be void ab initio, right? So the problem with petitioner's argument is that they're trying to argue that it is void, and so therefore they do not have to comply with the statute of limitations at all. Practically, there are huge problems with that. It would mean that a party could come in a decade later and say that this arbitration decision should be set aside. And when we think about the virtues of arbitration and providing an efficient and final resolution, that's a very troubling result. But again, the key problem with the argument is that they're saying that this grounds for which a court could vacate means that there's no decision at all until a court says that there's something different between this particular type of grounds, which is that there's no quorum. So the tribunal had no authority to act at all. That's basically what they're saying. And that you could raise. It's kind of like a jurisdictional argument, which you can raise at any time. There's no statute of limitations problem with that. Well, so again, but if we think about comparing this to, say, a party who loses in district court and wants to challenge the district court's order because it didn't have jurisdiction, we wouldn't say that there wasn't an order there. And a party seeking to challenge the district court's order would still have to comply with the notice of appeal deadline. No, of course. I'm saying, I think, my question is, is there a specific type of claim, such as the one that's being made here? There are claims in which an order is void ab initio. And if an order is void ab initio, you would agree that the statute of limitations doesn't kick in. No, because, okay, so under- Ever? A void ab initio order so that there's no order, the statute of limitations still applies? In this context? I'm just asking you generally. That might be in a different case. I'm not sure, but here- All I'm saying is their premise is this order is void ab initio. And I'm asking you, if an order is void ab initio, the statute of limitations does not apply, correct? So here, the FAA clearly, Congress envisioned that a party might want to bring this sort of argument that an award was invalid. That's possible basis. I'm saying, aside from award being invalid, I'm saying a particular type of invalid award, which is not- After it has been- If it's a award that's void ab initio, the tribunal had no authority to issue the order at all. There is no statute of limitations issue in that context, correct? But I think a court has to declare that it's void ab initio. The party just cannot declare it void ab initio. Correct, which is why I think we have to look at the whether the statute of limitations even applies. Because the argument is, and it could be incorrect, is that the order is void ab initio. And if that's the case, we have to determine if there's an order or not before we determine whether the statute of limitations applies, correct? I'm happy to talk about the merits if your honor's interested in them. But is that notice requirement, the three-month notice requirement, applies to petitions filed seeking vacate or under 10A4, which is, as petitioner argued here, that the arbitrator acted without authority. So the statute provides that you still have to comply with the notice requirement, even when your argument is that there was no valid decision rendered. So I'm not sure how they can get around that. This type of argument is just like any other invalid award argument. Yes, yes. And the other problem with their argument is that if they're not pursuing under, if they're not arguing for vacate or under 10A4, then I'm not sure under what grounds they think a court could vacate the award. Because, as I said earlier, the Supreme Court has made clear that the list, the basis for this is void ab initio, vacated void ab initio. The tribunal had no authority to issue it. That again, it just gets them under 10A4. And then they need to comply with the notice requirement. I understand their position. Isn't part of your argument also that there are all kinds of arguments under 10A4 that sound like they would render a award void? So one of the most common 10A4 grounds that I'm aware of is we never agreed to have the arbitrator decide this issue. And so it's void. Absolutely. That's just another way of saying they exceeded their powers. It's a run-of-the-mill challenge under the FAA. Yes. Courts always apply the three-month time on it too, right? Absolutely. If there are no further questions, we ask the court to affirm the district court's judgment. Thank you. So just a couple of quick points. The government is arguing that the FAA should be the default here. But that's, again, not the standard. The APA is the default. And the Supreme Court and this court have said over and over again that the APA applies unless Congress specifically intends to displace it. Again, there's no such evidence here. On the void ab initio issue, the government's argument is contrary to the Supreme Court's holdings, this court's holdings, every court of appeals that has looked at this issue, is that if a decision is— Do any of those decisions you're talking about involve an arbitration award? No, they don't specifically. So there's many, many cases that address this argument. The government didn't cite them in their brief, but arguments that an arbitration award is void or issued without jurisdiction are still subject to the three-month time limit. And I don't think there's a contrary case out there. And the reason for that is that the whole point of arbitration is to settle disputes quickly. So much like all the reasons the FAA applies here, the concern is that you could sit on an argument. This case doesn't involve that. You miss the time by a day. But we don't want to have people able to bring up an argument at any time. So you would be opening a pretty big hole in this three-month time limit, wouldn't you? No, Your Honor. As I understand those decisions that you're referring to, the decisions are not declared void ab initio. This is exactly like Supreme Court's decision in New Process Steel, this court's decision in Noel Canning, where there was a lack of quorum for the decision makers here. And so in those cases, the decision is void ab initio. And so there is no statute of limitations. Do you think that when an arbitrator issues a decision on a subject the parties didn't agree to arbitrate, wouldn't that make it void ab initio also? They had no contractual authority to issue the award. I don't think those decisions are not declared void ab initio, as I understand it. It's declared under the FAA not to be within the scope of what the parties agreed to. But again, under these decisions, if it's void ab initio, which it is if there's a Thank you, Your Honors. Thank you.
judges: Walker; Pan; Garcia